Case: 3:21-cr-00557-JRK Doc #: 42 Filed: 09/29/25 1 of 1. PageID #: 280

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Ohio

| | |
|---|---|
| United States of America <br> v. <br> **MICHAEL DOUGLAS** | ) <br> ) <br> ) Case No: 3:21 CR 557 <br> ) USM No: 60340-509 <br> ) <br> ) Cherrefe Kadri <br> ) *Defendant's Attorney* |
| Date of Original Judgment: 11/28/2022 <br> Date of Previous Amended Judgment: <br> *(Use Date of Last Amended Judgment if Any)* | |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant is not eligible for a sentence reduction under Amendment 821. He is not eligible under Part B because he was not a zero-point offender. And although he was assessed 2 status points for committing the offense while under a criminal justice sentence, which Part A of the Amendment addresses, he received a statutory mandatory minimum penalty and therefore does not qualify for a reduction. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); § 1B1.10 app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment").").

Accordingly, Defendant's motion to reduce his sentence under Amendment 821 is DENIED.

Except as otherwise provided*, all provisions of the judgment dated 11/28/2022 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 09/29/2025

*Judge's signature*

James R. Knepp II, United States District Judge
*Printed name and title*

Effective Date: _____
*(if different from order date)*

*Defendant received an Executive Order of Clemency on 1/17/2025, which commuted his sentence from 180 months (120 months and 60 months to be served consecutively) to 120 months.